J. S14003/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

LORRAINE F. BROSIUS, AS EXECUTRIX :   IN THE SUPERIOR COURT OF
FOR THE ESTATE OF WILLIAM B.   :         PENNSYLVANIA
BROSIUS, DECEASED        :
           :
      v.        :
           :
HCR MANORCARE, LLC, MANOR CARE  :
OF LANCASTER PA, LLC, D/B/A   :
MANORCARE HEALTH SERVICES-   :
LANCASTER, MANORCARE HEALTH   :
SERVICES, INC. A/K/A MANORCARE   :
HEALTH SERVICES, LLC, MANOR   :
CARE, INC., HCR MANORCARE, INC.,  :
HCR IV HEALTHCARE, LLC, HCR III  :
HEALTHCARE, LLC, HCR II   :
HEALTHCARE, LLC, HCR HEALTHCARE, :
LLC, HCRMC OPERATIONS, LLC,   :
HCR MANORCARE OPERATIONS II,   :
LLC, HEARTLAND EMPLOYMENT   :
SERVICES, LLC, SELECT MEDICAL   :
CORPORATION, SELECT MEDICAL OF  :
PENNSYLVANIA, INC., SELECT   :
SPECIALTY HOSPITALS, INC., SELECT  :
SPECIALTY HOSPITAL-CAMP HILL,   :
INC., AND SELECT SPECIALTY   :
HOSPITAL-CENTRAL PENNSYLVANIA,  :
L.P. F/K/A SELECT SPECIALTY   :
HOSPITAL-CAMP HILL LP, D/B/A   :
SELECT SPECIALTY HOSPITAL-YORK,  :   No. 789 MDA 2015
           :
      Appellants   :

Appeal from the Order Entered April 13, 2015,
in the Court of Common Pleas of Lancaster County
Civil Division at No. CI-14-05498

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., AND STEVENS, P.J.E.*

_____

* Former Justice specially assigned to the Superior Court.

J. S14003/16

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:    **FILED DECEMBER 05, 2016**

This case returns on remand following the Pennsylvania Supreme Court's decision in **Taylor v. Extendicare**, ___ A.3d ___, 2016 WL 5630669 (Pa. September 28, 2016).  We reverse and remand for further proceedings.

The relevant history of this nursing home medical malpractice wrongful death and survival action was set forth in this court's April 25, 2016 judgment order affirming the trial court's order overruling appellants' preliminary objection in the nature of a motion to compel arbitration. **Brosius v. HCR ManorCare, LLC**, No. 789 MDA 2015 (Pa.Super. filed April 25, 2016), **reversed**, 354 MAL 2016 (Pa. filed October 17, 2016) (**per curiam**).  In refusing to compel arbitration, the trial court relied on this court's decision in **Taylor v. Extendicare Health Facilities, Inc.**, 113 A.3d 317 (Pa.Super. 2015), which held that Pa.R.C.P. 213(e) required that wrongful death and survival actions be consolidated for trial.  Since, under **Pisano v. Extendicare Homes, Inc.**, 77 A.3d 651 (Pa.Super. 2013), **appeal denied**, 86 A.3d 233 (Pa. 2014), **cert. denied**, ___ U.S. ___, 134 S.Ct. 2890 (2014), wrongful death beneficiaries are not bound by an arbitration agreement executed by the decedent, the claims cannot be severed and must be litigated together in one proceeding.  Appellants agreed that the trial court and this court were bound by our decision in **Taylor** which was controlling.

However, recently the Pennsylvania Supreme Court reversed this court's decision in **Taylor**, holding that Rule 213(e) conflicts with the Federal Arbitration Act ("FAA") and is preempted. Section 2 of the FAA binds state courts to compel arbitration of claims subject to an arbitration agreement, even at the expense of judicial efficiency. **Taylor**, 2016 WL 5630669 at *14 ("The Supreme Court has made clear that bifurcation and piecemeal litigation is the tribute that must be paid to Congressional intent." (citation omitted)). Therefore, our supreme court in **Taylor** determined that the FAA mandated the severance of the non-arbitrable wrongful death action from the survival action to allow the latter to proceed to arbitration.

As in **Taylor**, in this case, appellee raised state law contract defenses to appellants' preliminary objections, including that the arbitration agreement was unconscionable. The savings clause of the FAA permits the application of generally applicable state contract law defenses such as fraud, duress, and unconscionability, to determine whether a valid contract to arbitrate exists. **Id.** at *14. Since the trial court, following this court's decisions in **Pisano** and **Taylor**, refused to bifurcate the claims and determined that they must be consolidated for trial, the trial court did not have the opportunity to address these issues. Therefore, we will remand to the trial court to address appellee's fact-based defenses, including whatever further arbitration-related discovery is deemed necessary. **See id.** at *17 ("Upon remand to the trial court, the parties will have the opportunity to

litigate whether there is a valid and enforceable arbitration contract in accord with generally applicable contract defenses and the FAA's savings clause.").

Order reversed.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2016